UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| JANICE M. LAWRENCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 03-12610-WGY |
| v. ) | |
| ) | |
| AVAYA INC., ) | |
| ) | |
| Defendant. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT AVAYA INC.

Defendant Avaya Inc. ("Avaya"), through its attorneys, hereby answers and pleads affirmative defenses to the Complaint (the "Complaint") of Plaintiff Janice M. Lawrence ("Plaintiff") as follows:

### PARTIES

1. Avaya lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Avaya admits the allegations contained in Paragraph 2 of the Complaint.

### FACTUAL ALLEGATIONS

3. Avaya admits that the Plaintiff was employed by Avaya and Avaya's corporate predecessors for a total of 27 years and that, during some portion of her employment, she worked as a Field Service Manager.

4. Avaya denies the allegations contained in Paragraph 4 of the Complaint.

5. Avaya admits that the Plaintiff is a female. Avaya lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint.

6. Avaya admits that it separated the Plaintiff from employment with Avaya in February 2003.

7. Avaya denies the allegations contained in Paragraph 7 of the Complaint.

8. Avaya admits that Justin Green is a male. Avaya lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 8 of the Complaint.

9. Avaya denies the allegations contained in Paragraph 9 of the Complaint.

10. To the extent that the allegations contained in Paragraph 10 of the Complaint state legal conclusions, no response by Avaya is required. To the extent that a response is required, Avaya lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

## COUNT I (VIOLATION OF ADEA, 29 U.S.C. § 621)

11. Avaya denies the allegations contained in Paragraph 11 of the Complaint.

12. To the extent that the allegations contained in Paragraph 12 of the Complaint state legal conclusions, no response by Avaya is required. To the extent that a response is required, Avaya denies those allegations.

## COUNT II (VIOLATION OF G.L. c. 151B, AGE DISCRIMINATION)

13. In responding to the allegations contained in Paragraph 13 of the Complaint, Avaya restates and re-incorporates by reference its responses to Paragraphs 1 through 12.

14. Avaya denies the allegations contained in Paragraph 14 of the Complaint.

3678032v1

15. To the extent that the allegations contained in Paragraph 15 of the Complaint state legal conclusions, no response by Avaya is required. To the extent that a response is required, Avaya denies those allegations.

## COUNT III (VIOLATION OF 42 U.S.C. § 2000e, GENDER DISCRIMINATION)

16. In responding to the allegations contained in Paragraph 16 of the Complaint, Avaya restates and re-incorporates by reference its responses to Paragraphs 1 through 15.

17. Avaya denies the allegations contained in Paragraph 17 of the Complaint.

18. To the extent that the allegations contained in Paragraph 18 of the Complaint state legal conclusions, no response by Avaya is required. To the extent that a response is required, Avaya denies those allegations.

## COUNT IV (VIOLATION OF G.L. c. 151B, GENDER DISCRIMINATION)

19. In responding to the allegations contained in Paragraph 19 of the Complaint, Avaya restates and re-incorporates by reference its responses to Paragraphs 1 through 18.

20. Avaya denies the allegations contained in Paragraph 20 of the Complaint.

21. To the extent that the allegations contained in Paragraph 21 of the Complaint state legal conclusions, no response by Avaya is required. To the extent that a response is required, Avaya denies those allegations.

22. To the extent that the allegations contained in Paragraph 22 of the Complaint state legal conclusions, no response by Avaya is required. To the extent that a response is required, Avaya denies those allegations.

3678032v1

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Plaintiff's claims are barred in whole or in part by her own wrongful conduct, and by the doctrines of waiver, laches, and estoppel.

### THIRD DEFENSE

The Plaintiff's claims are barred in whole or in part to the extent that she has failed to exhaust administrative remedies or otherwise satisfy administrative prerequisites to this action.

### FOURTH DEFENSE

The Plaintiff's claims are barred to the extent that she has failed to mitigate any damages which she has allegedly suffered.

### FIFTH DEFENSE

The Plaintiff's claims are barred by the applicable statutes of limitations and/or administrative filing periods.

### SIXTH DEFENSE

Some or all of the damages sought by the Plaintiff are not recoverable as a matter of law.

### SEVENTH DEFENSE

The Plaintiff's claims are barred because any proposed or actual employment actions affecting her were based on legitimate, non-discriminatory reasons.

3678032v1

**WHEREFORE**, Avaya denies that the Plaintiff is entitled to the relief demanded in the Complaint, or any other relief. Accordingly, Avaya respectfully requests that this Court dismiss the Complaint against it with prejudice, enter judgment for Avaya, and award Avaya its costs, attorney's fees, expenses and such other and further relief as this Court may deem appropriate.

Respectfully submitted,

AVAYA INC.,

By its attorneys,

Thomas E. Shirley (BBO # 542777)
David C. Kurtz (BBO # 641380)
Lisa M. Gaulin (BBO # 645655)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, Massachusetts 02109
(617) 248-5000

Dated: April 13, 2004

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/~~HAND~~ ON: 4/13/04

3678032v1