UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


LAWRENCE

     v.                           CIVIL ACTION NO.
                                      03-12610-WGY

AVAYA



NOTICE OF SCHEDULING CONFERENCE


YOUNG, C.J.

    This case is called for an initial scheduling conference at 2:00 p.m. on **MONDAY MAY 3,2004** in accordance with Fed. R. Civ. P. 16(b) and LR 16.1.The hearing will take place in **Courtroom #18** on the **5th Floor of the New Courthouse**, **1 Courthouse Way ( Fan Pier), Boston, MA.** The Court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B), (C), and (D) of L.R. 16.1[1] to be of the utmost

_____

    1.  These sections of LR 16.1 provide:

        (B)  Obligation of counsel to confer.  Unless otherwise ordered by the judge, counsel for the parties shall confer no later than twenty- one(21) days prior to the date for the scheduling conference for the purpose of:

            (1)  preparing an agenda of matters to be discussed at the scheduling conference,

_____

> (2)  preparing a proposed pretrial schedule of the case that includes a plan for discovery, and

> (3)  considering whether they will consent to trial by magistrate judge.

(C)  <u>Settlement proposals</u>.  Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than ten

(10) days prior to the date for the scheduling conference. Defense counsel shall have conferred with their clients on the subject of settlement prior to the settlement conference and be prepared to respond to the proposals at the scheduling conference.

(D)  <u>Joint statement</u>.  Unless otherwise ordered by the judge, the parties are required to file, no later than five (5) business days prior to the scheduling conference, a joint statement containing a proposed pretrial schedule, which shall include:

> (1)  a joint discovery plan scheduling the time and length for all discovery events, that

> shall

>> (a) conform to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b), and

>> (b) consider the desirability of con-ducting phased discovery in which the first phase is limited to developing in-formation needed for a realistic assess-ment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and

> (2)  a proposed schedule for the filing of motions; and

> (3)  certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred:

>> (a) with a view to establishing a budget

importance.[2]

───────────────

> for the costs of conducting the full
> course -- and various alternative courses
> -- of the litigation; and
>
> (b) to consider the resolution of the
> litigation through the use of alternative
> dispute resolution programs such as those
> outlined in LR 16.4.

To the extent that all parties are able to reach agreement
on a proposed pretrial schedule, they shall so indicate.  To
the extent that the parties differ on what the pretrial
schedule should be, they shall set forth separately the items
on which they differ and indicate the nature of that
difference.  The purpose of the parties' proposed pre

trial schedule or schedules shall be to advise the judge of the
parties' best estimates of the amounts of time they will need
to accomplish specified pretrial steps.  The parties' proposed
agenda for the scheduling conference, and their proposed
pretrial schedule or schedules, shall be considered by the
judge as advisory only.

    2.  This session of the court follows the following
procedures at the initial scheduling conference:

    A.   The Court requires that the joint statement required
by LR 16.1(D) set forth each and every disputed point in such
fashion that, by initialling one approach rather than another,
the Court can indicate clearly the individualized scheduling
order to govern this case.  Where the joint statement is silent
on a point, the presumptive discovery limits set forth in LR
26.1(c) shall apply.  Unless the parties agree to an earlier
date, discovery shall be complete, together with the
supplementation to any expert interrogatories, on the date
established for the final pre-trial conference/entry onto the
running trial list.

    B.   At the initial scheduling conference, the Court will
address counsel generally and, following the general remarks,
will see counsel in each individual case for the sole purpose
of advising counsel of the Alternative Dispute Resolution
mechanisms available and selecting a date for the Final Pre-
trial Conference and entry upon the running trial list.  The
Court is unlikely to continue this date once established.

Counsel may be given a continuance only if actually engaged on

trial.  Failure to comply fully with this notice and with sections

(B), (C), and (D) of LR 16.1 may result in sanctions under LR 1.3.

<u>WILLIAM G. YOUNG</u>
UNITED STATES DISTRICT JUDGE

 By the Court

/s/ Elizabeth Smith,
   Deputy Clerk

Apr 16, 2004

---

    C.   At its earliest opportunity, the Court will approve
or modify the joint statement and so endorse it as to make it
constitute the individualized scheduling order for the
management of this case.

    D.   Since no motions will be addressed at the initial
scheduling conference, counsel may move for such further case
management conferences as any of them may deem advisable.

    E.   Please review the case list for the accuracy of
counsel's names.  If you notice that an attorney's name is
missing, please undertake to give that attorney notice of the
conference.  Your cooperation is appreciated.