UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANICE M. LAWRENCE,<br><br>Plaintiff,<br><br>v.<br><br>AVAYA INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 03-12610-WGY<br>)<br>)<br>)<br>)<br>) |

**STIPULATED PROTECTIVE ORDER GOVERNING THE DISCLOSURE AND
USE OF CONFIDENTIAL DOCUMENTS AND OTHER INFORMATION**

WHEREAS, Janice M. Lawrence (the "Plaintiff") has commenced the above-captioned action (the "Action") against Avaya Inc. (the "Defendant"); and

WHEREAS, discovery of the Action will require the production and disclosure of confidential and proprietary information concerning internal corporate issues; personnel issues, including personnel information about Avaya employees other than Plaintiff; and other subjects;

WHEREAS, Plaintiff and the Defendant (collectively, the "parties") wish to ensure that such confidential and proprietary information is used only in connection with the Action and for no other purpose;

NOW, THEREFORE, subject to the approval of the Court, the parties hereby stipulate and agree that the following procedures shall govern the production and use of all documents, testimony, and other information produced in connection with the discovery and trial of the Action:

1.   Counsel for a party or a third party producing or furnishing any information in connection with this Action may designate as "CONFIDENTIAL" any document, deposition

1

3741378v1

testimony, or other information which the party, in good faith, believes to contain or reflect confidential internal corporate information, personnel information, or other information which the producing party deems confidential. Documents, deposition testimony, or other information designated as "CONFIDENTIAL" in accordance with the terms of this Stipulated Protective Order are hereinafter referred to as "CONFIDENTIAL MATERIAL." Except as provided in paragraph 2 below, designation of any document, deposition testimony, or other information as "CONFIDENTIAL" shall be made at the time the information is produced or furnished or promptly thereafter by stamping each page of all such documents or other information with the word "CONFIDENTIAL." To the extent that a portion or portions of a document containing CONFIDENTIAL MATERIAL can be segregated from non-confidential information without undue burden or expense, only those portions containing CONFIDENTIAL MATERIAL shall be so designated.

    2.    A party or a third party may designate any deposition transcript or portion of any deposition transcript as "CONFIDENTIAL" by so stating on the record or by giving notice in writing to the other parties within 10 days of receipt of the deposition transcript, prior to which time the entire deposition transcript shall be treated by the parties as CONFIDENTIAL MATERIAL. To the extent that a portion or portions of a transcript containing CONFIDENTIAL MATERIAL can be segregated from non-confidential information without undue burden and expense, only those portions containing CONFIDENTIAL MATERIAL shall be so designated.

    3.    All CONFIDENTIAL MATERIAL shall be used for purposes of the Action only and for no other purpose. All CONFIDENTIAL MATERIAL shall not be disclosed to any person other than:

2

(a) attorneys of record in this case, and persons employed by or associated with the law firms of such attorneys whose assistance is required by said attorneys in the discovery and preparation of this case for trial;

(b) the parties, and the parties' insurance carriers;

(c) the Court and court personnel, including court reporters and stenographers employed in connection with this Action;

(d) experts or consultants retained or employed in good faith to assist a party in the valuation, prosecution, or defense of the Action, provided that each such expert or consultant agrees to be bound by the terms of this Order and evidences his or her consent by executing the Certificate attached to this Order before receiving CONFIDENTIAL MATERIAL; and

(e) any deponent or witness who is asked at his or her deposition or at trial to testify about CONFIDENTIAL MATERIAL, provided that each such person agrees to be bound by the terms of this Order and evidences his or her consent by executing the Certificate attached to this Order before receiving CONFIDENTIAL MATERIAL. If any such deponent or witness refuses to execute the attached Certificate, either party may obtain a court order directing the deponent or witness to be bound by the terms of this Order.

4. Any document or other information (or part thereof) submitted to the Court that refers to, comprises, is derived from, or incorporates any CONFIDENTIAL MATERIAL shall be filed under seal by placing the document or thing in a sealed envelope or container that states:

### CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court in the above-captioned action. This envelope shall not be opened or unsealed other than by a judge of this Court or at his or her express discretion, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this action.

provided that, should the Court so require, the submitting party shall file and obtain the Court's endorsement upon an appropriate Motion for Impoundment either before or at the time that such CONFIDENTIAL MATERIAL is presented to the Court. The opposing party will assent to any

3

such Motion for Impoundment filed by the submitting party and, if necessary, cooperate in obtaining a prompt hearing concerning the same.

5. Any party who wishes to disclose CONFIDENTIAL MATERIAL to any person other than those identified in paragraph 3 above shall provide outside counsel for the party or third party who designated the material "CONFIDENTIAL" at least 10 business days' notice in writing, identifying both the person to whom disclosure is proposed and the information that the party proposes disclosing. Such disclosure shall not occur except upon the written consent of the producing party or third party, or upon leave of Court.

6. The restrictions set forth in this Order shall not apply to any document or other information that was properly in the public domain or is acquired in good faith from a third party who has the right to disclose such information. Nothing herein shall prevent any of the parties from disclosing publicly any of their own "CONFIDENTIAL" information as they deem appropriate. Any such disclosure will render the information non-confidential.

7. If counsel for a receiving party objects in good faith to the designation by the producing party of any document, testimony, or other information as "CONFIDENTIAL," counsel for the receiving party shall so notify counsel for the producing party, which notice shall: identify the document, testimony, or other information; set forth the reasons for the objection; and identify the person or entity to whom disclosure is proposed. If the parties are unable to resolve the disagreement to their mutual satisfaction, they may either individually or jointly seek relief from the Court upon at least 10 business days' notice to the other parties, and all parties will cooperate in obtaining a prompt hearing concerning the same. Until the Court rules on the party's application or the disagreement is otherwise resolved, the document, testimony, or other information shall continue to be treated as "CONFIDENTIAL."

3741378v1

8. Nothing in this Order shall be construed to constitute a waiver of any party's right: (a) to oppose discovery on any ground; or (b) to object on any ground to the admission of any document, testimony, or other information in evidence at the trial of this Action.

9. Nothing herein shall preclude any party from seeking an order from the Court that any portion of a deposition, hearing, or trial proceeding be closed to the public for the purpose of taking testimony with respect to information designated as "CONFIDENTIAL."

10. Within 30 days after the termination of this Action, including any appeals, or at such other time as the parties agree, each party shall return or destroy all documents containing or reflecting "CONFIDENTIAL" information, including but not limited to copies, summaries, and excerpts of "CONFIDENTIAL" information. Notwithstanding the foregoing, counsel for each party may retain their work product, such as pleadings, correspondence, and memoranda, which contain "CONFIDENTIAL" information, provided that all such information shall remain subject to this Order and shall not be disclosed to any person except as provided by this Order.

11. This Order shall not prejudice a party's right to seek to amend, modify, or change the terms of this Order by written agreement between the parties (and relevant third parties, to the extent that their interests are affected), or by Order from the Court. This Stipulated Order is effective immediately and shall survive the conclusion of the Action.

Agreed to this 8 day of November, 2004:

| | |
|---|---|
| JANICE M. LAWRENCE | AVAYA INC. |
| By her attorney, | By its attorneys, |
| *Daniel Rice* /LMG | *Lisa Gaulin* |
| Daniel W. Rice (BBO # 559269) | Thomas E. Shirley (BBO # 542777) |
| GLYNN, LANDRY, | David C. Kurtz (BBO # 641380) |
| HARRINGTON & RICE | Lisa M. Gaulin (BBO # 654655) |
| 10 Forbes Road | CHOATE, HALL & STEWART |
| Braintree, MA 02184 | Exchange Place |
| (781) 849-8479 | 53 State Street |
| | Boston, MA 02109 |
| | (617) 248-5000 |

6

3741378v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANICE M. LAWRENCE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AVAYA INC.,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 03-12610-WGY<br>)<br>)<br>)<br>)<br>)<br>) |

## **CERTIFICATE OF COMPLIANCE WITH STIPULATED PROTECTIVE ORDER**

The undersigned, on oath, deposes and states as follows:

I, _____, do hereby acknowledge that I have been provided with a copy of the Stipulated Protective Order governing the treatment of "confidential" information produced by the parties or third parties in this case.

I have read and understand the Stipulated Protective Order and I hereby represent and warrant that I am bound by it and agree to abide by it. I further acknowledge that I may be held responsible for any failure on my part to comply with the provisions of the Stipulated Protective Order, and agree to subject myself to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing the Stipulated Protective Order.

Signed under the pains and penalties of perjury in _____ (city, state).

Date: _____, 200__         _____

7

3741378v1